Judge Undeuwood,
delivered the opinion of the court.
Wolf, as tenant under Shackleford, ’//as ■ actually possessed of a trae: of land, on Green.river.
Whiles» possessed, Coffey, by proceedings before the county court of Casey, in a manner not tolerated by law, (as is shewn in the case just decided, wherein the heirs of Shackleford were plaintiffs in error, and the said • Coffey, defendant,) obtained an order granting him permission to build a mill and dam, “on his paving down to *42 the heirs of Rennet Shackleford, deceased, the sum of $6 50 cts. the valuation money of the acre of land condemned . by the verdict of the jury.” Under this order, Coffey took possession of the acre of land described in the inquest, and proceeded to build a mill and dam.
Ordero(county court ¡riving “leave 'o build a mill dan),” if not obtained in strict conformity to the statute, will not bar writ of forcible entry and detainer, to regain possession of the acre oflaud condemned for the abutment.
*42 Wolf, complaining of the entry, instituted a writ of forcible entry and detainer, to regain possession.
The jury, before the justice, found for Coffey.
Wolf traversed the finding, and a trial was had in the circuit court of Lincoln, by change of venue.
Upon the trial, all the proceedings had in the county court relative to the condemnation of the acre, for an abutment, were read in evidence.
After the evidence was concluded, the counsel for Wolf moved the court to instruct the jury, “that if they were of opinion from the evidence, that at the time the proceedings, in relation to the mill, were had in the county court of Casey, by Coffey, and at the time that Coffey entered, and built the mill and dam in contest, Wolf, the plaintiff, was in faetpossessed of the land,upon which the mill was built, and the acre condemned by the order of the county court of Casey, that the order of the county court, giving leave to build the mill, cannot aiiect Wolf’s right to recover, in this proceeding.”
The court refused to give the instruction asked for» and instructed the jury, “that the order establishing or giving leave to build the mill, though irregular, is not • void; and gave Coffey a right to enter and build the mill, so as to preclude a recovery by Wolf, in this case, for his entering there under, and building the mill, notwithstanding, Wolf may not have consented to that entry.”
The only questions presented by the record, are; did the court err in refusing to give the instruction asked •for? Did the court err in the instruction given?
We are of opinion, that the proceedings, before the county court, ought not to have had the effect to bar Wolf’s right of recovery, if, independent of those proceedings, he could have succeeded. It is not necea ary now, to decide, whether Coffey would have been justifiable in entering forcibly, upon the acre of ground condemned for his abutment* incase the proceedings before *43 the county court had been in strict conformity to, law; or whether, if he had made such an entry, he would have been protected in the possession so acquired; it is enough at present, that we are of opinion, that the title, to the acre condemned, did not, under the irregular proceedings of the county court, vest in Coffey.
Owsley, for appellant; Green and Harlan, for appellee.
The statute concerning mills, points out the mode, by which the title may be acquired to one acre of land for an abutment.
Until the title is acquired, the applicant, for a-writ of ad quod, damnum, desiring io build a mill, has no more right to enter on the acre, than any other person, without title. The law predicates the vestiture of the title, upon the payment of the money; see II Digest, 936.
Coffey’s rights, according to the order of the county court, depended <kon his paying down to the heirs of Shackleford,'‘the $>6 50 cents.” It does not appear in proof, that this was ever done.
For this reason, therefore, as well as the errors committed in the proceedings, before the county court, and which are more particularly noticed in the opinion just delivered in the case of Shackleford’s heirs vs. Coffey, we are of opinion, that the title to the acre never vested in Coffey.,
The instruction, asked for by Wolf's counsel, ought to have been given, and the instruction given by the court, ought to have been withheld.
Judgment reversed, and the cause remanded for a new trial, and proceedings not inconsistent herewith., The appellant must recover his costs.
Note. Chief Justice Robertson did not sit in this case.